UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

VANESSA ROBINSON,                    )
                                     )
        PLAINTIFF,                   )
                                     )
VS.                                  )   CASE NO. 08-CV-710-FHM
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of the                  )
Social Security Administration,      )
                                     )
        DEFENDANT.                   )

## OPINION AND ORDER

Plaintiff, Vanessa Robinson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's May 26, 2006 (protective filing date May 16, 2006) applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held June 4, 2008. By decision dated June 19, 2008, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on September 26, 2008. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

2003).  The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 52 years of age when the ALJ entered her decision. [Dkt. 11, pp. 21, 76, 79].[2]  She claims to have been unable to work since January 1, 2001, due to extreme back pain, fallen left [foot] arch due to bad spur surgery, rib surgery, depression and dyslexia. [Dkt. 11, p. 83].  Plaintiff returned to full-time work in July 2007 as a stocker at Walmart. [Dkt. 11, p. 30].  She seeks disability benefits for the time period between January 2001 and July 2007. [Dkt. 14, p. 2].  Plaintiff was last insured for disability insurance benefits on March 31, 2001.  Consequently, "to obtain disability insurance benefits, Plaintiff must establish that she became disabled on or before that date."  *Washington v. Shalala*, 37 F.3d 1437, 1440 n.2 (10th Cir. 1994).  For supplemental security income benefits, Plaintiff must be found disabled and unable to engage in any substantial gainful activity through the date of the ALJ's decision.  *See* 20 C.F.R. §§ 416.330, 416.335 and 416.1476(b)(1).

The ALJ determined that Plaintiff has severe impairments consisting of chronic lumbar strain, history of left foot surgery and rib surgery, depression and anxiety [Dkt. 11, p. 15], but that she retains the residual functional capacity (RFC) to perform medium

---

[2] All citations to the record reflect the page number assigned by the CM/ECF docketing system. Since the CM/ECF system counts unnumbered cover pages and preliminary pages (i, ii, etc.) and the administrative record [Dkt. 11] was filed in two parts (11, 11-2), the docket reference may not necessarily be the same as page numbers or bates-stamped numbers on the document.

work activity restricted to occasional stooping and crouching and limited to simple tasks where she can relate superficially to coworkers, supervisors and the general public [Dkt. 11, p. 15 ].  Based upon the testimony of a vocational expert (VE), the ALJ found that Plaintiff could not return to her past relevant work but that there are other jobs available in the economy in significant numbers Plaintiff could perform with that RFC. [Dkt. 11, p. 17-18].  She concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [Dkt. 11, p. 19 ].  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ erred by formulating Plaintiff's RFC assessment that failed to include all her limitations and by failing to conduct a proper credibility analysis. [Dkt. 14, p. 5].  For the reasons discussed below, the Court affirms the decision of the Commissioner.

### **RFC Assessment**

Plaintiff claims the RFC assessed by the ALJ requires abilities greater than those she possesses. [Dkt. 14, p. 6]. She contends the ALJ failed to include shoulder bursitis[3] in her evaluation, which Plaintiff contends was diagnosed on multiple occasions. [*Id.* at 7].  At the outset, the Court notes that the two pages of the record Plaintiff's counsel

---

[3] Bursitis is inflammation of the fluid-filled sac (bursa) that lies between a tendon and skin, or between a tendon and bone. The condition may be acute or chronic. *See* Medical encyclopedia online at http://www.nlm.nih.gov/medlineplus/ency/article/000419.htm (Update Date: 8/11/2008).

3

cites as support for this contention are two copies of the same report. [Dkt. 11-2, pp. 42-43, 65-66]. The single notation was made by Donald F. Johnson, M.D., who treated Plaintiff on February 3, 2006, for complaints of low back and left arm pain. [Dkt. 11-2, pp. 43, 66]. He reported Plaintiff's only medication was over-the-counter ibuprofen. [Dkt. 11-2, pp. 42, 65]. Physical examination revealed no joint or osseous abnormalities, good range of motion to spine and extremities, tenderness about the left shoulder joint and subdeltoid area and inability to reach behind the back or fully abduct the shoulder. *Id.* Dr. Johnson injected Plaintiff's subdeltoid bursa and left shoulder with kenalog and lidocaine and recorded immediate relief of pain. He advised Plaintiff to continue to deal with her chronic back pain with "usual measures." [Dkt. 11-2, pp. 43, 66]. Nothing in Dr. Johnson's report suggests Plaintiff's ability to engage in basic work activities was limited by bursitis. Nor does the diagnosis or treatment for bursitis appear elsewhere in the record.

The ALJ acknowledged Plaintiff's complaints of aching shoulders since before 2001, pain and stiffness in both arms and difficulties with reaching overhead and performing activities of daily living. [Dkt. 11, p. 18]. She considered the medical evidence, including findings of Ashok Kache, M.D., that Plaintiff was not significantly impaired in the range of motion for her upper and lower extremities. *Id.* She also considered Plaintiff's testimony regarding her current work as a stocker which includes lifting boxes weighing approximately 35 pounds.[4] [Dkt. 11, p. 30]. Based upon her

---

[4] Jobs classified as "medium work" involve lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, the agency determines he or she can also do sedentary and light work. *See* 20 C.F.R. § 404.1567(c).

review of the evidence, the ALJ concluded that Plaintiff's ability to perform substantial gainful activity had not changed between 2001, her claimed onset date, and 2007, when she returned to work. [Dkt. 11, p. 19]. The Court finds the ALJ's conclusion in this regard was reasonable and based upon substantial evidence. *See Eden v. Barnhart*, 109 Fed.Appx.311, 100 Soc. Sec. Rep. Serv. 394 (10th Cir. Sept. 15, 2004) (unpublished) (citing *Orrick v. Sullivan*, 966 F.2d 368, 370 (8th Cir. 1992) (per curiam) (deciding that ability to work despite impairment suggests claimant is not disabled); *Dixon v. Sullivan*, 966 F. 2d 237, 238 (8th Cir. 1990) (holding that because claimant worked with his impairments, he could not claim that they are disabling).

Plaintiff also alleges the ALJ improperly disregarded the opinion by agency expert Jeri Fritz, Ph.D. [Dkt. 14, p. 7]. The Court disagrees. The ALJ cited Dr. Fritz's opinion when she determined Plaintiff had moderate difficulties in attention and concentration but demonstrated the ability to understand, retain and follow directions. [Dkt. 11, p. 17].

Nor did the ALJ disregard the PRT form completed by a DDS physician on April 25, 2007, as alleged by Plaintiff.[5] [Dkt. 14, p. 8]. The ALJ's Step Two and Step Three findings mirror those of Kathleen Gerrity, Ph.D., the agency consultant who reviewed the medical record and evaluated Plaintiff's functional limitations. [Dkts. 11, pp. 14-15;

---

[5] Under the regulations, when evaluating mental impairments, the agency must follow a "special technique." 20 C.F.R. §§ 404.1520a(a), 416.920a(a). The agency is required to rate the degree of a claimant's functional limitations caused by those impairments in the areas of "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ then applies those ratings in determining whether the claimant's mental impairments are severe at step two and, if so, whether these severe impairments "meet[ ] or [are] equivalent in severity to a listed mental disorder" at step three. Id. §§ 404.1520a(d)(1-2), 416.920a(d)(1-2). At the ALJ hearing level, "[t]he decision must include a specific finding as to the degree of limitation in each of [those] functional areas." Id. §§ 404.1520a(e)(2), 416.920a(e)(2).

5

11-2, p 115]. The ALJ's RFC included limitations imposed by Plaintiff's mental impairments. [Dkt. 11, p. 17]. Plaintiff's allegation of error on this basis is without merit.

## Credibility Analysis

Plaintiff asserts that the ALJ relied upon the absence of evidence and that her decision was lacking in thoroughness and support for her conclusions. [Dkt. 14, pp. 8-9]. Contrary to Plaintiff's argument, the ALJ did not totally disbelieve Plaintiff's allegations of pain. The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not fully credible. [Dkt. 11, p. 19]. Based upon her evaluation of the evidence, the ALJ concluded that, although Plaintiff does experience pain, the pain does not preclude all work activity. [Dkt. 17, p. 19]. *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) (the inability to work pain-free is not a sufficient reason to find a claimant disabled). She did this after comparing the findings and opinions of examining physicians and psychologists with Plaintiff's testimony. [Dkt. 11, pp. 18-19]. Because credibility determinations are peculiarly the province of the finder of fact, the Court does not upset such determinations when supported by substantial evidence. *See Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 801 (10th Cir. 1991) (ALJ is individual optimally positioned to observe and assess witness credibility). In this case, the ALJ sufficiently linked her credibility findings to substantial evidence and the record supports the ALJ's findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). The Court, therefore, finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination. See *James v. Chater*, 96F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

**Conclusion**

The ALJ's decision demonstrates that she considered all of the medical reports and other evidence in the record in her determination that Plaintiff retained the capacity to perform medium work activities impeded by additional limitations. [Dkt. 11, p. 20]. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 14th day of January, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE